**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WESLEY RAY DAVIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-403-D |
| | ) | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, Wesley Ray Davis, Jr., sought judicial review of the Commissioner of Social Security's final decision that he was not "disabled" as defined by the Social Security Act, 42 U.S.C. § 1383(c)(3). The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceeding in accordance with 28 U.S.C. § 636(b)(1)(B), (C). [Doc. No. 11].

On September 30, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 16], in which she recommends that the Court affirm the Commissioner's decision. Plaintiff filed a timely objection [Doc. No. 17], to which Defendant filed a response. [Doc. No. 18]. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Plaintiff's first objects to the Administrative Law Judge's (ALJ) application of Social Security Ruling (SSR) 96-8p. SSR 96-8p requires the ALJ to "include a narrative

description describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence" when assessing a claimant's residual functional capacity (FRC). Soc. Sec. Rul. 96-8p, 1996 WL 3374184 (July 2, 1996).

Plaintiff argues "[t]he ALJ's analysis fails to follow the narrative discussion requirements of SSR 96-8p and consequently does not explain how the medical and nonmedical evidence supports the [residual functional capacity's (RFC)] conclusions, resulting in harmful error." [Doc. No. 17, at 2]. As Plaintiff acknowledges in his objection to the Report, "The RFC assessment represents the most an individual can do based on all the relevant evidence in the record . . . [which] includes an individual's medical history, medical signs, laboratory findings, effects of treatment, daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms reasonably attributable to a medical determinable impairment, and evidence from attempts to work." [Doc. No. 17, at 3 (quotation and citation omitted)]. In considering this argument, the magistrate judge found that the "ALJ acknowledged Plaintiff's symptoms and their impact on his ability to concentrate and persist." [Doc. No. 16, at 10]. The Court agrees with Judge Mitchell's conclusion.

"An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r*, 84 F.4th 901, 905 (10th Cir. 2023). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)). This Court "consider[s] whether the ALJ followed the 'specific rules of law that must be followed in weighing particular types of evidence in disability

cases,' but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084.

The ALJ did not apply an incorrect legal standard, nor was the ALJ's decision unsupported by substantial evidence. As Judge Mitchell stated, Plaintiff "asks this Court to reweigh the evidence, which it cannot do." *Id.* (citing *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). Accordingly, the Court rejects Plaintiff's objection as to the ALJ's application of SSR 96-8p.

Plaintiff further objects to the Report by arguing the ALJ erred in analyzing the subjective statements pursuant to SSR 16-3p. He asserts that "[t]he ALJ's determination that Claimant improved with mental health treatment and thus his symptoms were not as severe as alleged was . . . improper." [Doc. No. 17, at 8]. Further, he contends the ALJ failed to provide any "explanation as to how she assessed differing CPP limitations to those of the consultants despite citing the same evidence." *Id.* at 10. The magistrate judge concluded that the ALJ applied the correct legal standard and that the findings were supported by substantial evidence. Plaintiff's argument is not sufficient to reject the magistrate judge's conclusion.

In her Report, Judge Mitchell concluded that "[t]he ALJ accurately reported Plaintiff's testimony, including his reports of pain." [Doc. No. 16, at 17]. In doing so "[s]he reviewed the objective medical evidence of record, including treatment, medications, dosages, and the efficacy of that treatment." *Id.* Further, "[s]he noted Plaintiff's adherence to medication management and therapy sessions" and "examined Plaintiff's daily activities, noting Plaintiff takes care of the shopping and driving for his household, and

helps with cleaning." *Id.* The Court finds the ALJ's decision was supported by substantial evidence and declines to reweigh the evidence.

The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation. Therefore, the Court, having conducted a de novo review, finds that Plaintiff's objections should be overruled, and hereby **ADOPTS** the Report and Recommendation [Doc. No. 16] in its entirety.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is **AFFIRMED**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 30th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE